[No. 37447.    Department Two.    December 3, 1964.]

MICHAEL PATRICELLI et al., Appellants, v. JAMES A.
CONQUEST, Respondent.*

Bianchi & Tobin, by Gordon R. Tobin and Phillip Offen-
backer, for appellants.

Martin, Shorts & Bever, for respondent.

JOHNSON, J.†—The appellants, plaintiffs in the trial court,
were guests in a car driven by Mr. Nixon and brought this
action against the respondent, defendant, for damages al-
leged to have been sustained in an accident caused by the
negligence of the respondent.

Respondent denied the allegations of negligence and
set up an affirmative defense, alleging that the collision was
entirely unavoidable on the part of the respondent.

At the completion of all of the testimony, appellants
moved for a directed verdict, which was denied, and the
court submitted the case to the jury. The jury returned a
verdict for the respondent.

Appellants' motion for a new trial was denied and judg-
ment of dismissal with prejudice was entered. The appel-
lants appeal.

*Reported in 396 P. (2d) 975.

†Judge Johnson is serving as a judge pro tempore of the Supreme
Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The accident occurred at a very complicated intersection area. To assist in understanding intelligently the factual pattern and the intersectional area, we have inserted herein a map based on exhibit No. 6 and a photograph which was introduced as exhibit No. 1.

Camano Hill Road and East Camano Drive are county roads, built by and designated as arterials by the county commissioners. They run in a northerly direction, forming a sort of elongated "Y." Between the two roads is an apron, or median area, as it will hereafter be referred to, in a triangular shape, approximately 38 feet in width at its southerly end and narrowing to a point.

The roads and the median were all put in at the same time. There is a stop sign for northbound traffic on Camano Hill Road, situated approximately 180 feet south from the apex of the triangular median, and approximately 36 feet south of the southerly edge of the median. There are no other stop signs, stop line or traffic lights. There is a directory sign, which is approximately 8 feet wide and 10 feet

high, situated a short distance south of the median and which partially obstructs full view of the median.

On August 12, 1962, at about 1 o'clock in the afternoon, the respondent was driving his car in a northerly direction on Camano Hill Road. The road was damp, it having rained the night before. As the respondent approached the stop sign, he was traveling between 30 and 35 miles per hour. He did not intend to stop at the stop sign, although he knew it was there and had seen it, but did intend to stop before reaching the apex of the triangular median, some 180 feet to the north. He did slow down so that, at the time he passed the stop sign, he was traveling at a speed of 15 to 20 miles per hour. When about 20 to 30 feet south of the stop sign, he first noticed the Nixon car on the median and entering his lane of travel; he immediately applied the brakes, veered to the right to go behind the Nixon car, skidded and struck the Nixon car on the left side at the front door with the left front of his car. His car did not move after the impact.

Respondent testified that, at the time of impact, he was traveling 10 miles per hour and that, from measurements taken by him and Trooper Garrett of the Washington State Patrol, the impact took place 52 feet north of the stop sign; the left front end of his car was from 5 to 10 feet east of the edge of Camano Hill Road; the rear portion of his car was partially in his lane of travel. The respondent's passenger testified that the Nixon car had entered into the respondent's lane of traffic. The respondent traveled from 70 to 100 feet from the time he first observed the Nixon car.

The respondent had traveled this road a half dozen times before the accident and was familiar with the area.

Mr. Nixon, in whose car the appellants were guests, was traveling in a northerly direction on East Camano Drive, turned left at a slow rate of speed onto the median and, according to appellants' testimony, had stopped before entering the respondent's lane of travel, and was not moving when struck by respondent's car. Mr. Nixon has a summer home near by and was familiar with this area and the stop sign on the Camano Hill Road.

Notwithstanding the six assignments of error, the sole question for determination is whether the court erred in denying appellants' motion for a directed verdict.

Was the respondent negligent? The action is between passengers in the one car against the driver of the other car (respondent) and the question of contributory negligence is not involved. If the respondent was negligent, then the court should have directed a verdict in favor of the appellants.

The primary question is, where or what is the intersection area under the facts and circumstances in this case?

RCW 36.32.120 provides:

"The several boards of county commissioners shall:
" . . .
"(2) Lay out, discontinue, or alter county roads and highways within their respective counties, and do all other necessary acts relating thereto according to law . . .
" . . .
"(7) Make and enforce, by appropriate resolutions or ordinances, all such police and sanitary regulations as are not in conflict with state law . . ."

RCW 46.60.340 provides in part:

" . . . the proper authorities with respect to any other public highways, shall have the power to determine and designate any particular intersection, or any particular highways, roads or streets or portions thereof, at any intersection with which vehicles shall be required to stop before entering such intersection; and upon the determination and designation of such points at which vehicles will be required to come to a stop before entering such intersection, the proper authorities . . . shall cause to be posted and maintained proper signs . . . indicating that such intersection has been so determined and designated and that vehicles entering the same are required to stop. . . ."

The two statutes, when construed together, authorize and empower the county commissioners to lay out roads and intersections and direct them to post proper signs at such places as they deem appropriate under the circumstances. *Phinney v. Seattle,* 34 Wn. (2d) 330, 208 P. (2d) 879.

Here, the commissioners constructed both Camano Hill Road and East Camano Drive, together with the median, at the same time, according to the testimony of the county commissioner, and posted the stop sign here in question. The proper authorities established an intersection, unusual of course, but an intersection, and posted the stop sign to warn users going north on Camano Hill Road of such intersection.

This condition had existed for several years; the respondent had traveled over this particular road a half dozen times and was familiar with the area.

Respondent cites RCW 46.04.220, which reads as follows:

" 'Intersection area' means the area embraced within the prolongation of the lateral curb lines, or, if there are no curb lines, or, if there are no curbs, then the lateral roadway boundary lines, of two or more public highways which join one another at an angle, whether or not such highways cross one another."

Respondent argues that a prolongation of the lateral roadway boundary line would fix the place of intersection at the apex of the triangular median, and that there was no obligation on the part of the respondent to stop at any place south of that point.

But that is not reasonable or tenable under the facts and circumstances of this case. We are of the opinion that the county commissioners, by their action, designated an intersection. In their discretion and judgment, in order to avoid accidents, which is the purpose of all traffic regulations, a stop sign was posted at the most effective place to warn motorists of the intersection.

In the case at bar, the respondent, when he was about 20 to 30 feet south of the stop sign, which he knew to be there, saw the Nixon car in the intersection. He was at least required to stop at the intersection, which he did not do.

Under the particular facts and circumstances in this case, we hold that the respondent was negligent as a matter of law and the court erred in denying the motion for directed verdict.

We are not, in this opinion, determining the extent of respondent's duty to stop at the apex of the triangular median. That matter is not before us.

Judgment is reversed and a new trial granted, limited to the question of damages.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.